IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATTY KELLEY,

    Plaintiff,

v.  Civil Action No. 5:15CV10
  (STAMP)
ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND
AND SCHEDULING ORDER**

I. Background

This West Virginia Consumer Credit and Protection Act ("WVCCPA") case was originally filed in the Circuit Court of Marshall County, West Virginia. In her complaint, the plaintiff, Patty Kelley, alleges that the defendant, Enhanced Recovery Company, LLC, continued to contact her numerous times to attempt to collect a debt from the plaintiff after the plaintiff had informed the defendant that she was represented by counsel. The plaintiff's complaint asserts four claims: violation of the WVCCPA, violation of the West Virginia Computer Crime and Abuse Act ("WVCCAA"), intentional infliction of emotional distress, and common law invasion of privacy. The plaintiff seeks compensatory and punitive damages.

The case was then removed to this Court by the defendant. In its notice of removal, the defendant asserts that under the WVCCPA, the amount in controversy is potentially $312,000.00 based on the

numerous violations the plaintiff has alleged. The defendant notes that in addition to the $312,000.00 sum, the plaintiff's damages could likely be even more based on plaintiff's WVCCAA, intentional infliction of emotional distress, invasion of privacy, and punitive damages claims. Finally, the defendant argues that attorney's fees and costs may be awarded under the WVCCPA and estimates that those costs would be approximately $25,000.00.

In her motion to remand, the plaintiff argues that the defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.[1] The plaintiff asserts that the defendant has made assertions that the amount in controversy is met without providing competent proof or tangible evidence to support those assertions. Thus, the plaintiff contends that the defendant's assertions are speculative.

In response, the defendant asserts that it has sufficiently proven the amount in controversy because it is only bound by a liberal notice pleading standard. The defendant argues that pursuant to United States Court of Appeals for the Fourth Circuit precedent, it has provided more detailed allegations than the Fourth Circuit has previously held to be sufficient. Further, the defendant contends that under this Court's precedent, the maximum

---

[1] The plaintiff had originally argued that the notice of removal was untimely. However, the plaintiff has withdrawn that argument.

penalty dictated by the WVCCPA should be used in calculating the amount in controversy and thus the amount in this case would clearly exceed $75,000.00 based on the WVCCPA claim alone. The defendant provided an affidavit from Richard "Rocky" Landoll, a legal officer for the defendant, which states that through his investigation of the plaintiff's claims and the plaintiff's proffer of a call log, he believes that the plaintiff is alleging the receipt of 76 calls from the defendant in violation of the WVCCPA and WVCCAA.

In reply, the plaintiff asserts that the defendant has not provided competent evidence of the number of violations of the WVCCPA and the WVCCAA. Further, the plaintiff argues that attorney's fees are too speculative in this case as there is not a set amount of damages sought in the complaint. Moreover, the plaintiff contends that the general and punitive damages claims are too speculative at this time to meaningfully increase the amount in controversy. Thus, the plaintiff argues that the defendant has failed to carry its burden of proof.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C.

§ 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase

v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

III. Discussion

The plaintiff argues that the defendant has not provided sufficient evidence to prove that the amount in controversy has been met in this action. The plaintiff asserts that the defendant has failed to do so considering all of her claims. However, this Court finds that the defendant has met its burden of proving that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and has done so by only considering the plaintiff's WVCCPA claim. Thus, this Court will only review the WVCCPA claim as it has the potential to exceed the $75,000.00 threshold by itself.

When there is a maximum penalty by statute, it is appropriate to measure the amount in controversy by the maximum and not by what the plaintiff is likely to win. See Brill v. Countrywide Home Loans Inc., 427 F.3d 446, 449 (7th Cir. 2005); Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199 (9th Cir. 2008). This method of measuring the amount in controversy is also the common practice in cases under the WVCCPA which have been removed to federal court. See Knott v. HSBC Card Services Inc., No. 3:10CV82, 2010 WL 35522105 at *4 (N.D. W. Va. Sept. 8, 2010); Maxwell v. Wells Fargo Bank, N.A., No. 2:09-0500, 2009 WL 3293871 (S.D. W. Va. Oct. 9, 2009). As the surrounding case law demonstrates, it is appropriate to use the statutory maximum in estimation of the amount in

controversy. See e.g., <u>Woodrum v. Mapother & Mapother P.S.C., Inc.</u>, No. 2:10-00478, 2010 WL 3943732 at *4 (W. Va. Oct. 5, 2010); <u>Jefferson v. Quicken Loans, Inc.</u>, No. 5:13CV59, 2013 WL 3812099, at *2 (N.D. W. Va. July 19, 2013).

Pursuant to the WVCCPA, penalties for such violations are "not less than one hundred dollars nor more than one thousand dollars." W. Va. Code § 46A-5-101(1). Further, the United States Department of Labor Consumer Price Index provides an adjusted maximum penalty of $4,655.09, providing for inflation, as the $1,000.00 maximum was set in 1974. Under the standard cited above, this Court will use the maximum statutory penalty to calculate the amount in controversy in this case given the evidence that was available at the time of removal.

The defendant states that in the course of discussions with plaintiff's counsel, plaintiff's counsel provided a log of all calls allegedly placed to the plaintiff in violation of the WVCCPA. <u>See</u> ECF No. 12-1. That call log indicated that there were 76 calls that were alleged violations. <u>Id.</u> The plaintiff appears to argue that because the defendant is using a call log provided to it by the plaintiff, rather than its own call log, such evidence is insufficient to support a finding that the amount in controversy is met. Further, the plaintiff notes that her complaint does not state a certain number of violative phone calls and thus, the defendant has not provided "competent" proof.

This Court must disagree with the plaintiff. As stated above, this Court may consider evidence available at the time of removal, including the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3725 at 73 (3d ed. 1998). In its notice of removal, the defendant cites the allegations made by plaintiff's counsel as to the number of phone calls. Further, the defendant provides an affidavit from its legal representative that clarifies the plaintiff's allegations and that such allegations were made prior to removal. Additionally, the defendant provides, as an exhibit, the call log provided to it by the plaintiff.

This evidence is sufficient for this Court to find that the potential amount in controversy exceeds $75,000.00, exclusive of interest and costs. <u>See</u> <u>Wyatt v. Capital One Bank, N.A.</u>, No. 5:14cv55-FPS (N.D.W. Va. Jan. 7, 2015)(finding that the defendant's knowledge of the number of alleged WVCCPA violations, based on allegations made by the plaintiff in settlement demands, was enough for the defendant to determine that the amount in controversy had been met). It is irrelevant that the defendant based removal on the plaintiff's proffered call log rather than a call log prepared by the defendant itself. Such evidence may be considered by this Court as it was evidence that was available at the moment the petition for removal was filed. <u>Chase v. Shop 'N Save Warehouse</u>

Foods, 110 F.3d 424, 428 (7th Cir. 1997). Given the call log, which lists 76 alleged violations of the WVCCPA, the possible amount in controversy, using the maximum penalty allowable under the statute, exceeds $353,000.00 using the 76 phone calls as a base point. As such, the defendant has met its burden in proving that the amount in controversy has been met and that federal jurisdiction was appropriate at the time of removal. Tolley, 591 F. Supp. 2d at 845.

## IV. Scheduling Order

On March 3, 2015, the parties filed their meeting report and proposed discovery plan. In their report, the parties requested that discovery commence after this Court entered an order on the plaintiff's motion to remand. Pursuant to that request and Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f) and the Local Rules, it is hereby ORDERED that:

1. Discovery: All discovery shall be fully served and completed by **November 30, 2015**. "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "complete discovery" includes the disclosures required by Fed. R. Civ. P. 26(a)(1) and

(2), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date as provided in Fed. R. Civ. P. 26(e). The parties should refer to LR Civ P 5.01, LR Civ P 26.01-26.04, LR Civ P 33.01, LR Civ P 34.01, LR Civ P 36.01, LR Civ P 37.02 for further instructions on discovery practice.

2. Discovery Limitations: The preemptive limitations on discovery (i.e., numbers of interrogatories, requests for admissions, and depositions) set out in LR Civ P 26.01(c) apply to this action unless stipulated to by the parties and agreed to by the Court or otherwise ordered.

3. <u>Mediation</u>: This Court encourages either court-facilitated or private mediation as a method to resolve the claims in this civil action. If the parties have not conducted mediation prior to the deadline for disclosure of experts provided in paragraph 4 below, the parties shall confer to consider whether this case would benefit from mediation. Thereafter, the parties are DIRECTED to inform the Court if mediation is desired and, if so, whether the parties will employ a private mediator or would like the Court to schedule a court-facilitated mediator. If the parties employ a private mediator, lead counsel for the plaintiff (or an attorney representing a defendant if the plaintiff is appearing <u>pro se</u>) shall instruct the private mediator to complete

the mediation report form (which is available at this Court's website at www.wvnd.uscourts.gov/documents/forms) and submit the completed mediation report form to the appropriate clerk's office within **ten days** following the mediation.

4. Expert Disclosures: The party bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **October 5, 2015**.

The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **October 26, 2015**.

All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B) no later than **November 9, 2015**.

The disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case.

5. <u>Examinations</u>:  All independent physical or mental examinations or inspection of property shall be completed by **October 19, 2015**.

6. <u>Joinder, Amendments, Crossclaims, Counterclaims and Third-Party Complaints</u>:  Motions to join additional parties, motions to amend pleadings, and any crossclaim or counterclaim, as well as any similar motions, shall be filed on or before **September 28, 2015**.  Any response or reply shall be filed in accordance with LR Civ P 7.02(b).

**Any party filing a motion to amend a pleading, a third-party complaint, a surreply, or any other pleading that requires leave of court to file shall attach to that motion a signed copy of the proposed amended pleading.  However, the amended pleading shall not be filed until the Court grants the particular motion.**

7. <u>Dispositive Motions</u>:  All dispositive motions, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed at the Clerk's Office with copies served upon opposing counsel by **December 13, 2015**.  Any such motion must be supported by a memorandum at the time the motion is filed.  Memoranda in opposition to such motions filed on the above deadline date shall be filed with copies served upon opposing counsel on or before **January 4, 2016**.  If a motion has been filed before the above deadline date, opposing counsel is directed to comply with LR Civ P 7.02(b), which requires responses

11

no later than twenty-one days after the date of service of the motion.  Any reply memoranda shall be filed with copies served upon opposing counsel on or before **January 18, 2016** or, if the response is filed prior to the above deadline date, within fourteen business days from the date of service of the memorandum in response to the motion.  All dispositive motions unsupported by memoranda will be denied without prejudice.  The parties shall comply with LR Civ P 7.02 imposing a page limitation upon memoranda unless a motion to exceed the page limitation is granted.  See LR Civ P 7.02.

Factual assertions made in memoranda should be supported by specific references, including page or paragraph numbers, to affidavits, depositions or other documents made a part of the record before the Court.  Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda.  The parties may refer to LR Civ P 7.02 for details on motion practice before this Court.

**Deadlines for the filing of dispositive motions shall be altered only upon order of the Court.**

8.   Settlement Conference and Fed. R. Civ. P. 26(a)(3) Disclosures:   Pursuant to LR Civ P 16.04(a), counsel and unrepresented parties shall meet to conduct settlement negotiations no later than **February 5, 2016**.  Lead trial counsel for the plaintiff first named in the complaint shall take the initiative in scheduling such a meeting; all other counsel shall cooperate in the

effort to achieve a successful negotiation and settlement. Counsel and unrepresented parties must be prepared at the pretrial conference to certify that they tried in their meeting to settle the case.

If the case is not settled at the meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Fed. R. Civ. P. 26(a)(3) disclosures at the settlement meeting.

9. <u>Jury Instructions and Voir Dire</u>: Proposed jury instructions **on substantive theories of recovery or defense**, on damages and on evidentiary matters peculiar to the case, together with pertinent statutory and case authority, special interrogatories and verdict forms, if any be appropriate to the case, and all proposed voir dire questions requested by counsel for submission to the jury shall be exchanged by counsel and filed not later than **February 16, 2016**.

**If the instructions and voir dire in this case are being typed on a computer, counsel are requested to provide to the court a disk containing the instructions in WordPerfect 12.0 format which is labeled as to the case style, civil action number and party proposing the instructions. The envelope containing the disk should be marked "Contains Disk -- Do Not X-Ray -- May Be Opened for Inspection." The disk will be returned to counsel if requested.**

10. Motions in Limine:  **No motion in limine may be filed unless and until the moving party consults with opposing counsel to determine whether the matter presented in the motion is actually in dispute.  If the matter is not in dispute, but the party wishes to preserve the matter for the record, such party may file a stipulation after consulting with opposing counsel.**

**Where a matter is actually in dispute, all motions in limine, including motions relating to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), accompanied by memoranda of law, and all other related pretrial motions shall be filed not later than January 28, 2016.  Responses to such motions shall be filed by February 4, 2016.**

**If a motion has been filed before the above deadline date, opposing counsel is directed to respond no later than fourteen days after the date of service of the motion in accordance with LR Civ P 7.02, or respond by the date given in this scheduling order, whichever date comes first.**

11. Joint Pretrial Order:  A proposed joint pretrial order, titled "Pretrial Order," shall be filed not later than **February 11, 2016**.  The proposed joint pretrial order shall contain at least those matters provided for under LR Civ P 16.04(b).  The witness lists, **which shall be filed as part of the pretrial order**, shall be considered by this Court as final lists and shall not be modified

14

except for good cause shown.  Following the pretrial conference, this Court shall enter the pretrial order which shall then be modified only with the permission of the Court.

**In most cases, the plaintiff shall be responsible for initiating the preparation of the joint pretrial order.  However, in cases involving a pro se plaintiff, the defendant shall be responsible for initiating the preparation of the joint pretrial order.**

12. <u>Exhibits and Objections to Exhibits</u>:   On or before **February 16, 2016**, plaintiff and defendant shall each:

a. file A LIST of proposed exhibits,

b. submit to the Clerk **ONE BINDER OF COPIES OF THE EXHIBITS**, with the exhibits indexed and individually tabbed, for the Court's use, and

c. forward copies of the proposed exhibits to opposing counsel.

Objections to exhibits, **WITH THE STATED REASONS FOR THE OBJECTION AND THE EXHIBIT TO WHICH OBJECTION IS MADE ATTACHED**, shall be filed on or before **February 22, 2016**.  Failure to state the reasons for the objections may constitute a waiver of objections.  Further, failure to timely file an objection to an exhibit shall result in this Court deeming the exhibit admitted.

All exhibits shall be appropriately marked in numerical sequence (not lettered).  Exhibit markers may be secured from the

Clerk.  **ORIGINAL EXHIBITS** shall be filed **AT THE TIME OF TRIAL AND SHOULD NOT BE FILED PRIOR TO TRIAL**.  If counsel desires each juror to have a binder of copies of exhibits to view as counsel examines witnesses, these should be prepared for presentation to each juror at the appropriate time but with the Court's permission.

    13.  <u>Interrogatories and Depositions to be Used at Trial and Objections</u>:  On or before **February 16, 2016**, plaintiff shall file any interrogatories, answers thereto, depositions, etc., **specifying the appropriate portions thereto that plaintiff intends to offer in this case**.  Defendant shall do the same on or before **February 22, 2016**.  Any objection to the introduction of any of the foregoing shall be filed in writing by the objecting party or parties no later than **February 25, 2016** or such objection shall be deemed to have been waived.  This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

    14.  <u>Biographical Sketches</u>:  Biographical sketches of any proposed expert witnesses shall be filed and served upon opposing counsel by **February 16, 2016**.

    15.  <u>Stipulation of Facts</u>:  Counsel are encouraged to meet and enter into stipulations of facts in this case and any such stipulation shall be reduced to writing, signed by counsel and filed and served upon opposing counsel by **February 16, 2016.**

16. <u>Pretrial Conference/Final Settlement Conference</u>: A pretrial conference/final settlement conference shall be held on **February 16, 2016 at 1:15 p.m.** at Wheeling, West Virginia. The conference shall be attended by lead trial counsel for each represented party and all unrepresented parties. Counsel and parties should be prepared to participate fully and to discuss all aspects of the case and the matters set forth in the pretrial order previously filed. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

17. <u>Trial</u>: Jury selection in this action shall commence on **March 1, 2016 at 8:30 a.m.** at Wheeling, West Virginia. Trial will commence upon the completion of jury selection and trial in any prior case scheduled for this date. This case is presently the <u>second</u> case on the trial docket for that week.

18. <u>Motion for Continuance</u>: A party or parties requesting a continuance must contact all other parties to determine three possible dates to which to move the deadline or hearing. The moving party must specify these three possible dates within the motion to continue. LR Gen P 88.02. If any party or parties object to a continuance, that fact shall be noted in the motion.

19. <u>Settlement Authority and Sanctions</u>: At least one of the attorneys for each party and all unrepresented parties participating in any conference before trial shall have authority

17

to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and LR Civ P 37.01 respecting pretrial conferences or orders.

20. <u>Deadlines Final</u>: The time limitations set forth above shall not be altered except as set forth in LR Civ P 16.01(f).

All dates for filings refer to the date the materials must be actually received, not the mailing date.

## V. Conclusion

Based on the analysis above, this Court finds that the plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 30, 2015

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE