IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATTY KELLEY,

    Plaintiff,

v.                                        Civil Action No. 5:15CV10
                                                         (STAMP)
ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

On March 18, 2016, the plaintiff filed a motion for leave to file an amended complaint. ECF No. 42. The plaintiff seeks to add as a defendant Synchrony Bank ("Synchrony"). The defendant filed a response in opposition, arguing that the plaintiff failed to demonstrate good cause for not seeking to amend the complaint before the deadline for amending pleadings set in the scheduling order. For the following reasons, the plaintiff's motion is granted.

### I. Background

The plaintiff, Patty Kelley ("Kelley"), originally filed this West Virginia Consumer Credit and Protection Act ("WVCCPA") in the Circuit Court of Marshall County, West Virginia. In her complaint, Kelley alleges that the defendant, Enhanced Recovery Company, LLC ("Enhanced Recovery"), continued to contact her numerous times to attempt to collect a debt from her after she informed Enhanced Recovery that she was represented by counsel. The complaint

asserts four claims: violation of the WVCCPA, violation of the West Virginia Computer Crime and Abuse Act ("WVCCAA"), intentional infliction of emotional distress, and common law invasion of privacy. The plaintiff seeks compensatory and punitive damages. Enhanced Recovery removed the case to this Court. Kelley filed a motion to remand to state court, and this Court denied that motion. The parties have now filed a joint motion to amend the scheduling order, and this Court has set a scheduling conference regarding that motion for April 19, 2016. The plaintiff then filed a motion to amend the complaint to add a new defendant, and the defendant filed a response in opposition, arguing that the plaintiff failed to show good cause for not seeking to amend the complaint earlier.

## II. Applicable Law

Where a party seeks to amend its pleadings after the deadline for such amendments in the scheduling order has passed, the party must show good cause under Rule 16 for why the party failed to timely file a motion to amend. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Good cause requires that the party has been diligent in seeking to abide by deadlines. Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012). If the party demonstrates good cause, then the court should deny the party's motion "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving

party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

## III. Discussion

The plaintiff seeks to name Synchrony as a defendant on the theory that Enhanced Recovery was acting as Synchrony's agent when it allegedly violated the WVCCPA, WVCCAA, and allegedly committed various torts. The plaintiff argues that she was not aware that the defendant was acting as Synchrony's agent until the plaintiff's counsel took the defendant's Rule 30(b)(6) deposition on February 22, 2016. Further, the plaintiff provided as attachments to her reply memorandum correspondence between counsel showing that the plaintiff was unable to take the defendant's Rule 30(b)(6) deposition before the amendment deadline passed because the defendant failed to cooperate in scheduling the deposition to coincide with another similar civil action the plaintiff's counsel is engaged in against the defendant. This Court finds that it was not unreasonable for plaintiff's counsel to seek to coordinate the Rule 30(b)(6) depositions between those civil actions because coordination would serve to save the parties time and expense, as both civil actions are based on similar conduct and the defendant and its officers are located in Florida.

The defendant argues that the plaintiff should have discovered that Synchrony was a potential defendant in written discovery. Specifically, the defendant argues that the plaintiff knew that her

creditor was GE Capital Consumer Bank ("GE Capital") and that GE Capital changed its name to Synchrony Bank. Further, the defendant argues that the plaintiff should have discovered that Synchrony was a potential defendant because she knew Synchrony was her creditor before filing this civil action and because she sent letters to Synchrony informing it that she was represented by counsel and unable to pay her debt. However, the plaintiff seeks to name Synchrony Bank as a defendant on the theory that Synchrony is liable for the defendant's alleged statutory violations and torts committed as Synchrony's agent. Thus, regardless of whether the plaintiff by that time knew that GE Capital had changed its name to Synchrony Bank, the plaintiff did not discover that the defendant may have been acting as Synchrony's agent until the Rule 30(b)(6) deposition. Further, it is unlikely that the plaintiff was aware that GE Capital had changed its name to Synchrony, as the correspondence the defendant cites are addressed to "GE Capital Retail Bank." See ECF No. 1-1 at 11. Therefore, this Court finds that the plaintiff has show good cause for why she was unable to comply with the deadline set forth in the scheduling order to amend the pleadings.

Further, the plaintiff has demonstrated that the proposed amended complaint will not prejudice the defendant, is not futile, and is not sought in bad faith. The amendment does not affect the viability or theory of the plaintiff's cause of action against the

4

defendant.  Further, the parties' joint motion to amend the scheduling order is pending before this Court, and any additional time the defendant may need to conduct discovery or further develop its defense may be considered in fashioning a second amended scheduling order.

IV. Conclusion

For good cause shown, the plaintiff's motion for leave to file an amended complaint (ECF No. 42) is GRANTED.  The parties are **DIRECTED TO MEET AND CONFER** regarding dates to be included in a proposed second amended scheduling order before the scheduling conference set for April 19, 2016.

IT IS SO ORDERED.

The Clerk is DIRECTED to file ECF No. 53 as the plaintiff's amended complaint, and to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 18, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE